BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
ana.tagvoryan@blankrome.com
Harrison Brown (SBN 291503)
Harrison.brown@blankrome.com
Victor Sandoval (SBN 344461)
Victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

*Attorneys for Defendant*
LUXOTTICA OF AMERICA INC. d/b/a LENSCRAFTERS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUXOTTICA OF AMERICA INC. D/B/A LENSCRAFTERS,<br><br>Defendant. | Case No. 8:24-cv-00160-MRA-DFM<br><br>[*Assigned to Hon. Mónica Ramírez Almadani*]<br><br>**DEFENDANT LUXOTTICA OF AMERICA INC. D/B/A LENSCRAFTERS ANSWER TO PLAINTIFF BRANDON GRAY'S CLASS ACTION COMPLAINT** |

Defendant LUXOTTICA OF AMERICA INC. d/b/a LENSCRAFTERS ("Defendant"), states that, for convenience only, the headings, subheadings, and paragraph numbers in this Answer correspond to the headings, subheadings, and numbered paragraphs listed in the Class Action Complaint ("Complaint") filed by Plaintiff Sean Brandon Gray ("Plaintiff"). Defendant nonetheless expressly denies and disclaims the characterizations in Plaintiff's headings, subheadings, and numbered paragraphs and denies any allegations implicit in their terms. Defendant expressly reserves, and does not waive, the right to amend and supplement this Answer, including to assert any counterclaims or cross-claims, as may be appropriate or necessary, consistent with applicable rules and the Court's orders. Defendant incorporates the foregoing by reference into each of the following specific responses to each allegation of the Complaint.

**NATURE OF THE ACTION**

1. Defendant admits that it owns and operates https://www.lenscrafters.com. Defendant admits that Plaintiff seeks to bring this lawsuit as a class action on behalf of herself and others. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies the remaining allegations in this paragraph.

2. The allegations in Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

**JURISTICTION AND VENUE**

3. Defendant admits that this Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that

Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations related to Plaintiff's residence, citizenship, or presence in California, and therefore denies those allegations. The remainder of the allegations in Paragraph 4 contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations in this paragraph.

## PARTIES

***Defendant***

5. Defendant admits that it is is incorporated in Ohio with its principal place of business in Mason, Ohio. Defendant admits that it owns the website www.lenscrafters.com. Defendant admits that it provides a range of prescription eyeglasses and contact lenses as well as routine eye exams. Defendant denies any remaining allegations in this paragraph.

***Plaintiff***

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9. The allegations in Paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

///

///

10. The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

11. The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## FACTUAL ALLEGATIONS

### A. Background of the California Information Privacy Act ("CIPA")

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

13. The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

14. The allegations in Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

15. The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

### B. Background of the California Confidentiality of Medical Information Act

16. The allegations in Paragraph 16 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Moreover, the cause of action arising under the referenced statute has been dismissed.

///

17. The allegations in Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Moreover, the cause of action arising under the referenced statute has been dismissed.

18. The allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Moreover, the cause of action arising under the referenced statute has been dismissed.

**C. Defendant's Website**

19. To the extent the allegations in Paragraph 19 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 19 that mischaracterizes and/or misquotes such materials or takes them out of context. Defendant admits that it provides a range of prescription eyeglasses and contact lenses as well as routine eye exams. Defendant denies any remaining allegations in this paragraph.

20. Defendant admits that Defendant's public website is accessible on devices with access to the internet. To the extent that the allegations in Paragraph 20 are legal conclusions, no response is required. To the extent a response is required, Defendant denies those allegations.

**D. Facebook's Platform and its Business Tools.**

21. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies those allegations. To the extent the allegations in Paragraph 21 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 21 that mischaracterizes and/or misquotes such materials or takes them out of context.

///

22. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations. To the extent the allegations in Paragraph 22 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 22 that mischaracterizes and/or misquotes such materials or takes them out of context.

23. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations. To the extent the allegations in Paragraph 23 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 23 that mischaracterizes and/or misquotes such materials or takes them out of context.

24. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies those allegations. To the extent the allegations in Paragraph 24 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 24 that mischaracterizes and/or misquotes such materials or takes them out of context.

25. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies those allegations. To the extent the allegations in Paragraph 25 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 25 that mischaracterizes and/or misquotes such materials or takes them out of context.

26. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations. To the extent the allegations in Paragraph 26 characterize the cited

materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 26 that mischaracterizes and/or misquotes such materials or takes them out of context.

27. To the extent the allegations in Paragraph 27 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 27 that mischaracterizes and/or misquotes such materials or takes them out of context. Defendant admits that certain Meta Platform, Inc. software was placed on Defendant's public website at certain times. Defendant denies it disclosed sensitive health information or any health information. Because the remaining allegations require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

28. Defendant admits that certain Meta Platform, Inc. software was placed Defendant's public website at certain times. Defendant denies it disclosed sensitive health information or any health information.

29. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies those allegations. To the extent the allegations in Paragraph 29 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 29 that mischaracterizes and/or misquotes such materials or takes them out of context.

30. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies those allegations. To the extent the allegations in Paragraph 30 characterize the cited materials, such documents speak for themselves in the proper context. Defendant

denies any statement or allegation in Paragraph 30 that mischaracterizes and/or misquotes such materials or takes them out of context.

31. The allegations in Paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

32. Defendant admits that certain Meta Platform, Inc. software was placed on Defendant's public website at certain times. Defendant denies it disclosed sensitive health information or any health information. Because the remaining allegations require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

33. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies those allegations. To the extent the allegations in Paragraph 33 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 33 that mischaracterizes and/or misquotes such materials or takes them out of context.

34. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies those allegations. To the extent the allegations in Paragraph 34 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 34 that mischaracterizes and/or misquotes such materials or takes them out of context.

35. Defendant admits that certain Meta Platform, Inc. software was placed on Defendant's public website at certain times. Defendant denies it disclosed sensitive health information or any health information. To the extent that the allegations in Paragraph 35 are legal conclusions, no response is required. To the

extent a response is required, Defendant denies those allegations. Because the remaining allegations require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

36. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies those allegations.

**E. How Defendant Disclosed Plaintiff's and Class Members' Protected Health Information and Assisted With Intercepting Communications**

37. Denied.

38. Defendant admits that Figure 1 appears to be a screenshot of Defendant's website. Defendant denies it disclosed sensitive health information or any health information. Because the remaining allegations require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

39. Denied.

40. Because the allegations in Paragraph 40 require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

41. Because the allegations in Paragraph 41 require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

///

42. Because the allegations in Paragraph 42 require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them. To the extent the allegations in Paragraph 42 characterize the cited materials, such documents speak for themselves in the appropriate context. Defendant denies any statement or allegation in Paragraph 42 that mischaracterizes and/or misquotes such materials or takes them out of context.

43. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies those allegations.

44. Denied.

45. Because the allegations in Paragraph 45 require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them. To the extent the allegations in Paragraph 45 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 45 that mischaracterizes and/or misquotes such materials or takes them out of context.

46. Because the allegations in Paragraph 46 require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them. To the extent the allegations in Paragraph 46 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 46 that mischaracterizes and/or misquotes such materials or takes them out of context.

47. Because the allegations in Paragraph 47 require expert analysis or information in the possession of third parties, Defendant lacks sufficient

knowledge or information to form a belief as to the truth of the allegations, and therefore denies them. To the extent the allegations in Paragraph 47 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 47 that mischaracterizes and/or misquotes such materials or takes them out of context.

48. Defendant admits that certain Meta Platform, Inc. software was placed on Defendant's public website at certain times. Defendant denies it disclosed sensitive health information or any information. Because the remaining allegations in Paragraph 48 require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them. To the extent the allegations in Paragraph 48 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 48 that mischaracterizes and/or misquotes such materials or takes them out of context.

49. Because the allegations in Paragraph 49 require expert analysis or information in the possession of third parties, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them. To the extent the allegations in Paragraph 49 characterize the cited materials, such documents speak for themselves in the proper context. Defendant denies any statement or allegation in Paragraph 49 that mischaracterizes and/or misquotes such materials or takes them out of context.

50. The allegations in Paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

51. The allegations in Paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those

allegations.

**F. Federal Warning on Tracking Codes on Healthcare Websites**

52. Defendant admits that the Office for Civil Rights issued the Bulletin referenced in Paragraph 52. The Bulletin is a written document that speaks for itself in the appropriate context. Defendant denies any statement or allegation in Paragraph 52 that emphasizes, mischaracterizes and/or misquotes such material or takes it out of context. The remaining allegations in Paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

53. Defendant admits that the Bulletin referenced in Paragraph 53 contains the language quoted in Paragraph 53. The Bulletin is a written document that speaks for itself in the appropriate context. Defendant denies any statement or allegation in Paragraph 53 that emphasizes, mischaracterizes and/or misquotes such material or takes it out of context. The remaining allegations in Paragraph 53 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

54. Defendant admits that the Bulletin referenced in Paragraph 54 contains the language quoted in Paragraph 54. The Bulletin is a written document that speaks for itself in the appropriate context. Defendant denies any statement or allegation in Paragraph 54 that emphasizes, mischaracterizes and/or misquotes such material or takes it out of context. The remaining allegations in Paragraph 54 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

55. Denied.

56. Defendant admits that the Bulletin referenced in Paragraph 56 contains the language quoted in Paragraph 56. The Bulletin is a written document that speaks for itself in the appropriate context. Defendant denies any statement or

allegation in Paragraph 56 that emphasize, mischaracterizes and/or misquotes such material or takes it out of context. The remaining allegations in Paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

57. Defendant admits that the Bulletin referenced in Paragraph 57 contains the language quoted in Paragraph 57. The Bulletin is a written document that speaks for itself in the appropriate context. Defendant denies any statement or allegation in Paragraph 57 that emphasize, mischaracterizes and/or misquotes such material or takes it out of context. The remaining allegations in Paragraph 57 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

58. Defendant admits that the Federal Trade Commission and the Department of Health and Human Services issued the joint press release referenced in Paragraph 58, and that it contains the language quoted in Paragraph 58. The joint press release is a written document that speaks for itself in the appropriate context. Defendant denies any statement or allegation in Paragraph 58 that erroneously extrapolates from, mischaracterizes and/or misquotes such material or takes it out of context. The remaining allegations in Paragraph 58 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

59. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies those allegations. To the extent the allegations in Paragraph 59 characterize the cited materials, such documents speak for themselves in the appropriate context. Defendant denies any statement or allegation in Paragraph 59 that erroneously extrapolates from, mischaracterizes and/or misquotes such materials or takes them out of context. The remaining allegations in Paragraph 59 contain legal

conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

60. The allegations in Paragraph 60 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

**CLASS ACTION ALLEGATIONS**

61. Defendant admits that Plaintiff seeks to bring this lawsuit as a class action on behalf of herself and others. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

62. Defendant admits that Plaintiff seeks to bring this lawsuit as a class action on behalf of herself and others. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

63. The allegations in Paragraph 63 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

64. The allegations in Paragraph 64 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

///

65. The allegations in Paragraph 65 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

66. The allegations in Paragraph 66 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

67. The allegations in Paragraph 67 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

68. The allegations in Paragraph 68, including subparagraphs (a)-(h), contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

69. The allegations in Paragraph 69 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

///

**COUNT I**
**Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631**

70. Paragraph 70 does not state any allegations that require a response. Defendant incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

71. The allegations in Paragraph 71 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

72. The allegations in Paragraph 72 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

73. The allegations in Paragraph 73 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

74. The allegations in Paragraph 74 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

75. The allegations in Paragraph 75 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

76. The allegations in Paragraph 76 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

77. The allegations in Paragraph 77, including Subparagraphs (a)-(g), contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

78. The allegations in Paragraph 78 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

79. The allegations in Paragraph 79 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

80. The allegations in Paragraph 80 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

81. The allegations in Paragraph 81 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## COUNT II
## Violation of the California Confidentiality of Medical Information Act
## Cal. Civ. Code § 56.10

82. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

83. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

84. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

85. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

86. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

87. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

88. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

89. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

90. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

91. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

92. The Second Cause of Action was dismissed without leave to amend when Plaintiff did not file an amended complaint on or before January 6, 2025 (Dkt. No. 37.) Accordingly, Defendant does not answer this paragraph.

## COUNT III

### Invasion of Privacy Under California's Constitution

93. Paragraph 93 does not state any allegations that require a response. Defendant incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

///

94. The allegations in Paragraph 94 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

95. The allegations in Paragraph 95 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

96. The allegations in Paragraph 96 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

97. The allegations in Paragraph 97 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

98. The allegations in Paragraph 98 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

99. The allegations in Paragraph 99 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## PRAYER FOR RELIEF

The allegations in the section beginning on Page 29 with the statement "WHEREFORE" are not allegations requiring a response. Insofar as any portion of Plaintiff's prayer is construed to require a response, Defendant denies that this action can be maintained individually or on behalf of any Class, denies that Plaintiff or the proposed Classes are entitled to any relief, and denies any remaining allegations in this paragraph.

///

///

## DEMAND FOR JURY TRIAL

The allegations in the section titled "JURY TRIAL DEMANDED" contain legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to add additional affirmative defenses that may be identified through further discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and putative class members lack standing to sue, including under Article III of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class members lack statutory standing to sue, including under Section 632.7 of the California Invasion of Privacy Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members' claims are barred, in whole or in part, because they were not damaged by any act or omission of Defendant. Further, any damages sought by Plaintiff and putative class members are speculative, uncertain, remote, and/or incapable of calculation.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff and putative class members have been damaged, which Defendant denies, any recoveries by Plaintiff and putative class members are barred to the extent they failed to mitigate their alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff and putative class members have been damaged, which Defendant denies, such damages were caused by their own actions or the actions of a third party.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members have not alleged sufficient facts to support an award of punitive damages. Any award of punitive damages would, if granted, violate Defendant's rights under the United States Constitution and California law.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and/or putative class members' claims are time-barred by the applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims for equitable relief are barred because they have alleged an adequate remedy at law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred because they provided consent.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, because they have failed to join necessary and indispensable parties to this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, because Defendant acted in good faith and in compliance with any applicable statutes or laws at all times.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are preempted, in whole or in part, by Federal law, including but not limited to HIPAA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff or putative class members have been damaged, which Defendant denies, the negligence or fault of Plaintiff, putative class members, or persons and/or entities for whose conduct Defendant is not legally responsible for constitutes the sole, intervening, and superseding cause of Plaintiff's and putative class members' alleged damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff or putative class members have been damaged, which Defendant denies, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which Defendant is not legally responsible.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff or putative class members recover from Defendant, it is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to Plaintiffs and putative class members' alleged damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts any defenses, claims, credits, offsets, or remedies under California law and reserves the right to amend its Answer to file such further pleadings as are necessary to preserve and assert such defenses, claims, credits, offsets, or remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, by agreements that they entered into with third parties and/or by their prior disclosure of information to third parties.

///

///

///

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, to the extent that any alleged injury was voluntarily incurred for the purpose of manufacturing a legal claim.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, to the extent Plaintiff or putative class members have released, settled with, entered into an accord and satisfaction, or otherwise compromised their claims. Defendant is entitled to a set-off for the entire amount of proceeds Plaintiff or putative class members have or may recover from all other sources.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, because Plaintiff's Complaint may not be properly maintained or certified as a class action because, among other reasons, none of the requirements of Federal Rule of Civil Procedure 23 can be met.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This action may not be properly maintained or certified as a class action because, among other reasons, Plaintiff and members of the putative class waived the right to participate in a class action by consenting to Defendant's terms of use.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative Class Members are barred, in whole or part, by the doctrine of election of remedies, because they seek inconsistent and conflicting relief that will more than make them whole.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant states that the lack of discovery and the aggregated nature of Plaintiff's claims, in particular with respect to absent putative Class Members, makes an analysis of all potential affirmative defenses that might be applicable to

any given absent Class Member infeasible at this time. Defendant expressly reserve the right to assert additional affirmative defenses as the case progresses.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff and putative Class Members' claims are subject to a valid and enforceable arbitration agreement that covers the disputes in the Action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's use and agreement to the terms of use of websites, social media platforms, and other services is conduct that created an implied license for the information sharing alleged in the Complaint.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff and putative Class Members' continued act of taking advantage of the benefits and services provided on the website described in the Complaint after becoming aware of their claims constitute an implied release of those claims.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff and putative Class Members assumed the risk of any information about their web browsing being shared with third parties by voluntarily surfing the internet and using internet-based services.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in full or in part by the Dormant Commerce Clause.

**THIRTY FIRST AFFIRMATIVE DEFENSE**

The Complaint and the claims alleged therein are barred, in whole or in part, by a binding limitation of liability clause in Defendant's Terms and Conditions.

///

///

///

///

DATED: January 21, 2025

BLANK ROME LLP

By: */s/ Victor Sandoval*
Ana Tagvoryan
Harrison Brown
Victor Sandoval
Gabrielle N. Ganze (*admitted Pro Hac Vice*)
Attorneys for Defendant
LUXOTTICA OF AMERICA INC. d/b/a LENSCRAFTERS