**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
         jwilner@bursor.com

*Attorneys for Plaintiff*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON GRAY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br><br>LUXOTTICA OF AMERICA INC. d/b/a LENSCRAFTERS,<br>　　　　　　　　　　　Defendant. | Case No. 8:24-cv-00160-MRA-DFM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Hon. Monica Ramirez Almadani |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**Please take notice that** Plaintiff Brandon Gray hereby moves this Court for an order dismissing this action without prejudice pursuant to 28 U.S.C. § 1332(a) and Fed. R. Civ. Pro. 41(a)(2). No hearing date has been noticed, in accord with the Court's August 27, 2025 Order. ECF No. 59.

Plaintiff Gray moves to dismiss on the grounds that the present matter, which is now an individual action, no longer satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a). Plaintiff Gray further moves to dismiss pursuant to Fed. R. Civ. Pro. 41(a)(2) because Defendant Luxottica of America, Inc. will not suffer any plain legal prejudice as a result of dismissal. Defendant did not agree to stipulate to dismissal under Fed. R. Civ. Pro. 41(a)(1)(ii).

The Motion is based on this Notice of Motion and the points and authorities below.

Dated:  September 15, 2025        **BURSOR & FISHER, P.A**.

By:   /s/ *Philip L. Fraietta*

Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: pfraietta@bursor.com

*Attorneys for Plaintiff*

[*Additional Counsel on Signature Page*]

## INTRODUCTION

Plaintiff Brandon Gray ("Plaintiff") respectfully files this Motion to Dismiss pursuant to 28 U.S.C. § 1332(a) and Fed. R. Civ. Pro. 41(a)(2). Plaintiff has previously informed the Court that he will be pursuing his claims on an individual basis only.  ECF No. 47.  In preparing his amended complaint, Plaintiff became aware that, as an individual action, his case no longer satisfies the amount in controversy requirement in 28 U.S.C. § 1332 (a) and, therefore, this court no longer has subject matter jurisdiction over his claims.

Even if the Court did have subject matter jurisdiction, Plaintiff no longer wishes to pursue his claims and asks this Court to dismiss the action without prejudice pursuant to Fed. R. Civ. Pro. 41(a)(2). Dismissal without prejudice is warranted as Defendant will not suffer plain legal prejudice as a result of the dismissal.

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

28 U.S.C. § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  Now that Plaintiff is pursuing his claims individually, and not on behalf of a putative class, the amount in controversy is calculated only as to the value of his individual claims. The statutory damages for Plaintiff's CIPA claim is $5,000 (Cal. Penal Code § 637.2) and the statutory damages for his CMIA claim is $1,000 (Cal. Civ. Code § 56.36(b)(1)). Plaintiff does not intend to seek additional damages or attorney's fees in his amended complaint. As such, the amount in controversy for this matter is now $6,000 and, therefore, does not meet the threshold for subject matter jurisdiction in this Court.

### II. DISMISSAL IS PROPER

Even if the Court does find subject matter jurisdiction for Plaintiff's individual claims, dismissal is proper pursuant to Fed. R. Civ. Pro. 41(a)(2). "The Ninth Circuit

has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001); *see also Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 n.5 (9th Cir. 2023) (citing cases). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Smith*, 263 F.3d at 976 (internal quotation marks omitted). "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation ... causes uncertainty does not result in plain legal prejudice. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (internal quotation marks omitted). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.1996).

"Factors that may be considered in determining whether a dismissal should be with or without prejudice include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Cmty. Coll. Dist.,* 227 F.R.D. 538, 540 (N.D. Cal. 2005) (internal quotation marks omitted).

Here, no prejudice exists. <u>First</u>, the case is still in its early stages and no preparation for trial has commenced. No significant costs have been incurred since the responsive pleading was filed. No depositions have been taken and a relatively small amount of documents have been exchanged by the Parties. Plaintiff has already informed the court and Defendant that there will be no motion for class certification, so no preparations for that motion have taken place.

Further, any expense incurred by Defendant prior to the responsive pleading is immaterial. *Hamilton*, 679 F.2d 143, 146 (9th Cir. 1982) ("Appellant's contention that appellee should have been estopped from requesting a voluntary dismissal, because appellant was put to significant expense in preparing and filing its pleadings, is without merit. The very purpose of Rule 41(a)(2) is to allow a District Court, in its discretion, to dismiss an action without prejudice even after responsive pleadings have been filed by the defendant."). As such, Defendant will suffer no legal prejudice resulting from dismissal. See *Pasoon v. Equifax Info. Servs. LLC*, 2024 WL 1659897, at *1 (N.D. Cal. Apr. 17, 2024) ("[T]he Ninth Circuit has rejected arguments that a defendant is prejudiced due to its "effort and expense involved in preparing for trial.").

<u>Second</u>, no excessive delay or lack of diligence occurred. Plaintiff had been diligently prosecuting the action, including seeking discovery from Defendant and third-party Meta until June 2025. Plaintiff became aware of his inability to successfully represent a class through events in the ordinary course of litigation that occurred in June and July 2025. Plaintiff filed his notice to proceed on an individual basis on July 17, 2025. ECF No. 47. Plaintiff had to seek new employment in August 2025 and, after meeting and conferring with Defendant about the potential resolution of his individual claims, filed a status report on August 20, 2025. ECF No. 58. Plaintiff released both the class claims and his individual claims as soon as was practicable under the circumstances.

<u>Third</u>, dismissal is justified. In the regular course of litigation, Plaintiff learned he would not be an adequate class representative because Facebook did not intercept his LensCrafters appointment booking, which was routed through a third-party website address specific to his local LensCrafters location. This caused him to file his notice that he will not seek to certify a class. Plaintiff is an EMT and the amount of money he will lose by taking time off to sit for a deposition or participate in other litigation proceedings significantly offsets his $6,000 potential recovery. At the

beginning of litigation, Plaintiff had a more flexible work schedule, but he can no longer afford to prosecute this action given the nature of his current employment.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion to dismiss.

Dated: September 15, 2025          **BURSOR & FISHER, P.A.**

By:   /s/ *Philip L. Fraietta*

Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
            jwilner@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, IL 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

*Attorneys for Plaintiff*