UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00160-MRA-DFM | Date | October 20, 2025 |
| Title | *Brandon Gray v. Luxottica of America Inc.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS [60]**

Before the Court is Plaintiff's Motion to Dismiss. ECF 60. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS IN PART** the Motion.

## I. BACKGROUND

Plaintiff Brandon Gray ("Plaintiff" or "Gray") filed this putative class action on January 23, 2025, alleging that Defendant Luxottica of America Inc., doing business as LensCrafters ("Defendant" or "Luxottica"), violated the California Invasion of Privacy Act ("CIPA"), the California Confidentiality of Medical Information Act ("CMIA"), and the right to privacy under the California Constitution by hosting Meta Pixel on its website. ECF 1. The Complaint alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act ("CAFA"). *Id.* ¶ 3.

On July 16, 2025, Plaintiff filed a Notice of Intent to Proceed on an Individual Basis Only (the "Notice"), in which Plaintiff stated that he no longer intended to file a motion for class certification. ECF 47. On July 17, 2025, the Court directed the parties to file a joint status report advising the Court on the status of the case and proposing a revised pretrial schedule in light of Plaintiff's Notice. ECF 48. The parties filed an initial Joint Status Report in which Defendant recommended that the Court issue an order effectively dismissing the class claims without prejudice. ECF 51. The Court determined that the class claims are not before the Court because no class had been certified. ECF 52. As such, the Court directed the parties to meet and confer on a stipulation to amend the pleadings or otherwise file another joint status report. *Id.* On August 20, 2025, the parties filed a second Joint Status Report, in which Plaintiff explained that in the process of drafting an amended complaint, Plaintiff determined that he was unable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00160-MRA-DFM | Date | October 20, 2025 |
| Title | *Brandon Gray v. Luxottica of America Inc.* | | |

plausibly plead that the Court has subject matter jurisdiction over this action. ECF 58. However, the parties were unable to agree on a stipulation for dismissing this action. *Id.* Plaintiff advised that he intended to file a motion to dismiss and that he does not intend to proceed with this action. *Id.* The Court set a briefing schedule on the contemplated motion to dismiss. ECF 59.

On September 15, 2025, Plaintiff filed the instant Motion. ECF 60. Defendant filed a Notice of Non-Opposition, representing that it did not oppose Plaintiff's Motion, except to the extent that it requests that the parties bear their own costs and that dismissal be with prejudice. ECF 61. Plaintiff filed a Reply, contending that Defendant's request is improper. ECF 62.

## II. DISCUSSION

Plaintiff first argues that the Court lacks subject matter jurisdiction over this action now that Plaintiff is pursuing his claims individually. ECF 60 at 3. Although the operative Complaint in this case still alleges that the Court has CAFA jurisdiction over this matter, a district court "may properly look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists." *Adler v. Fed. Republic of Nigeria*, 107 F.3d 720, 728 (9th Cir. 1997). Here, Plaintiff represents that he no longer intends to pursue class certification such that CAFA no longer provides a basis for exercising jurisdiction. Plaintiff states that the statutory damages for his state law claims total $6,000 and that he does not intend to seek additional damages or attorney's fees. Thus, the amount in controversy does not satisfy the threshold requirements for diversity jurisdiction under 28 U.S.C. § 1332. ECF 60. The Court thus finds that it lacks subject matter jurisdiction over the action. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[I]n general, dismissal for lack of subject matter jurisdiction should be without prejudice." *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019).

Plaintiff further argues that even if the Court finds that it has subject matter jurisdiction, dismissal without prejudice would still be proper under Federal Rule of Civil Procedure 41(a)(2). ECF 60 at 3-6. In determining whether dismissal under Rule 41(a)(2) should be with or without prejudice, "the district court must determine whether granting a motion for dismissal without prejudice would result in legal prejudice to the defendant and, if not, the motion should be granted." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1282 (9th Cir. 2023); *see also Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (explaining that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result"). "[L]egal prejudice means prejudice to some legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00160-MRA-DFM | Date | October 20, 2025 |
| Title | *Brandon Gray v. Luxottica of America Inc.* | | |

interest, some legal claim, some legal argument." *Smith*, 263 F.3d at 976 (citation and internal quotation marks omitted). "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* Defendant does not oppose dismissal, but it requests that dismissal be with prejudice as to Plaintiff's individual claims. ECF 61. Defendant has made no showing that legal prejudice would result from dismissal without prejudice. Thus, even if the Court retained subject matter jurisdiction, dismissal without prejudice would be proper under Rule 41(a)(2).

Defendant also requests that the Court strike any reference to costs in its dismissal order. ECF 61. Plaintiff replies that Defendant's request is improper because the Court has no jurisdiction to award attorneys' fees or costs and that even if the Court had subject matter jurisdiction, Defendant has not demonstrated that it is entitled to seek fees or costs as a condition of dismissal. ECF 62 at 2. Dismissal must be "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether the parties should bear their own costs or are entitled to recover costs from the opposing party is not an issue properly before the Court, nor does it need to be resolved for purposes of dismissal. Thus, the Court dismisses this action without resolving the issue of costs.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion to Dismiss. This action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku